UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK  (For Online Publication Only)
----------------------------------------------------------------------X
UNITED STATES OF AMERICA,

                                                  **MEMORANDUM & ORDER**
                                                  20-cr-00048-JMA-ARL-1

      -against-

CURTIS L. PRUSSICK,

                                     Defendant.
----------------------------------------------------------------------X
**AZRACK, United States District Judge:**

Defendant Curtis L. Prussick moves, pro se under 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10, for a reduction in sentence pursuant to Part A of Amendment 821 to the U.S. Sentencing Guidelines ("Guidelines"). (ECF No. 185.) He also moves for appointment of counsel. (See id.) The Government opposes the motion. (ECF No. 186.) Mr. Prussick has not replied. For the below reasons, the motion is denied.

                                          **I.    DISCUSSION**

In January 2023—pursuant to a plea agreement with the Government—Mr. Prussick pleaded guilty before the Honorable Gary R. Brown to Count One and Count Two of a six-count Superseding Indictment. (See ECF No. 163, at ¶ 1 ("PSR").) Count One charged Mr. Prussick with conspiracy to distribute and possess with the intent to distribute more than one kilogram of heroin, more than 400 grams of fentanyl more than 28 grams of crack cocaine, and quantities of cocaine and oxycodone, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A), 841(b)(1)(B) and 841(b)(1)(C). (See id. at ¶ 2.) Count Two charged Mr. Prussick with the distribution of a controlled substance containing fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). (See id.) Mr. Prussick's distribution of fentanyl—as described in Count Two—ultimately led to the death of a man named Kyle Price. (See id.)

On August 8, 2023, Mr. Prussick appeared before me for sentencing. (See ECF No. 173.) During the hearing, I heard Mr. Prussick's objections to his Criminal History Category that was calculated in the PSR.[1] (See Sentencing Tr. at 51–57, 62; see also ECF No. 165 (Mr. Prussick's pro se written opposition)). I disagreed with Mr. Prussick's objections and found that his Criminal History Category remained Category VI, given the Probation Department's determination that Mr. Prussick accrued 20 criminal history points. (See id. at 62–63; see also PSR at ¶¶ 41–55.) Specifically, the Probation Department determined that Mr. Prussick earned 18 criminal history points due his prior convictions and 2 "status points" for committing a portion of the instant offense while under a criminal justice sentence. (See PSR at ¶¶ 53–55.) Considering Mr. Prussick's Criminal History Category of VI and his total offense level of 43, Mr. Prussick's Guidelines range was life imprisonment. (See Ex. 1 at 2, ECF No. 163-1.) Ultimately, I imposed a below-Guidelines sentence of 210 months' imprisonment, which was jointly recommended by the parties. (See ECF No. 181 at 2 ("Amended Judgment"); see also ECF No. 182 at 2 ("Statement of Reasons")).

On August 22, 2023, Mr. Prussick filed a pro se Notice of Appeal from his judgment. (See ECF No. 178.) Mr. Prussick's appeal remains pending before the United States Court of Appeals for the Second Circuit. (See United States v. Prussick, No. 23-6958, ECF No. 63 (2d Cir. May 10, 2024) (Mr. Prussick moved for an extension of time to file an oversized brief)).

Notwithstanding his pending appeal, Mr. Prussick filed a pro se motion before the undersigned. On March 4, 2024, Mr. Prussick moved pro se under 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10 for a reduction in his sentence based on the "status points" amendment to Section 4A1.1(e) of the Guidelines. (See ECF No. 185.) He also moves for appointment of

---

[1] The Government opposed Mr. Prussick's written objections to his Criminal History Category calculated in the PSR. (See ECF No. 167.)

counsel. (See id.) The Government opposes the motion. (ECF No. 186.) Mr. Prussick has not replied.

### A. Jurisdiction

The Court concludes that it lacks jurisdiction over Mr. Prussick's pending motion for a reduction in his sentence. "The filing of a notice of appeal is an event of jurisdictional significance," which "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." United States v. Martin, 2020 WL 1819961, at *1 (S.D.N.Y. Apr. 10, 2020) (quoting Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982)). Although there are exceptions to this rule—i.e., Tancredi v. Met. Life Ins. Co., 378 F.3d 220, 225 (2d Cir. 2004) (attorneys' fees); N.Y. State Nat'l Org. for Women v. Terry, 886 F.2d 1339, 1350 (2d Cir. 1989) (proceedings on merits after grant or denial of preliminary injunction); id. (judgment which does not determine entire action); Leonhard v. United States, 633 F.2d 599, 610 (2d Cir. 1980) (clerical error)—none appear to be applicable here. See United States v. Viola, 555 F. App'x 57, 59–60 (2d Cir. 2014) (notice of appeal divests district court of ability to act "to modify a judgment substantively," although district court retains authority to "merely clarif[y]" its order (citations omitted)).

Under these circumstances, this Court is without authority to "rule on any motion affecting an aspect of the case that [is] before the [Court of Appeals]." Ching v. United States, 298 F.3d 174, 180 n.5 (2d Cir. 2002); see also, e.g., Berman v. United States, 302 U.S. 211, 214 (1937) (rule applies in criminal cases); United States v. Katsougrakis, 715 F.2d 769, 777 (2d Cir. 1983) (same); United States v. Afriyie, 2017 WL 6375781, at *3 (S.D.N.Y. Dec. 11, 2017) (same). Once Mr. Prussick filed his Notice of Appeal challenging the Court's judgment, see ECF No. 178, jurisdiction over the questions raised in his 18 U.S.C § 3582(c) motion transferred to the Second Circuit.

Federal Rule of Criminal Procedure 37 precisely anticipates the jurisdictional issue present here. Rule 37 provides, in relevant part, that "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." [2] FED. R. CRIM. P. 37(a). The advisory committee notes list "motions under 18 U.S.C. § 3582(c)" as one of three types of motions for which the drafters "anticipate[ ] that Criminal Rule 37 will be used primarily if not exclusively." FED. R. CRIM. P. 37 advisory committee's note (2012). Reflecting this Circuit's longstanding approach in both civil and criminal cases—see, e.g., United States v. Camacho, 302 F.3d 35, 36–37 (2d Cir. 2002); King v. First Am. Investigations, Inc., 287 F.3d 91, 94 (2d Cir. 2002); Toliver v. Cnty. of Sullivan, 957 F.2d 47, 49 (2d Cir. 1992)—this rule allows district courts to deny, but not to grant, a motion for which it lacks jurisdiction due to a pending appeal. See Martin, 2020 WL 1819961, at *2.

**B.     Merits**

Because the Court would deny Mr. Prussick's 18 U.S.C. § 3582(c) motion if he had not filed a notice of appeal, in the interests of judicial economy, the Court reaches the merits under Rule 37 and denies his motion.

Under 18 U.S.C. § 3582(c)(2), "a federal court may reduce a defendant's sentence if the defendant was originally sentenced to a term of imprisonment based on a sentencing range that

---

[2]    See, e.g., United States v. Campbell, 613 F. Supp. 3d 666, 668 (W.D.N.Y. 2020) (invoking Rule 37(a) to deny a motion seeking a sentence reduction under 18 U.S.C. § 3582(c)(2) while a direct appeal was pending); United States v. Moseley, 2020 WL 1911217, at *1 (S.D.N.Y. Apr. 20, 2020) (finding no jurisdiction over compassionate release motion based on the COVID-19 pandemic because of a pending appeal, and stating that "[a]bsent further factual development, the Court cannot say whether it would ultimately grant the motion if the case were remanded for such purposes, but neither is it willing to deny the motion outright. These are complex and time-sensitive issues, but they are ones that the Court can only take up if the Second Circuit agrees it would be useful to decide the instant motion before it decides the appeal."); United States v. Vigna, 2020 WL 1900495, at *3 (S.D.N.Y. Apr. 17, 2020) (finding same regarding jurisdiction, and declining to issue indicative ruling because defendant had not exhausted administrative remedies); Martin, 2020 WL 1819961, at *1–2 (finding same regarding jurisdiction but denying motion on the merits under Rule 37).

has subsequently been lowered by the Sentencing Commission when that modification is made retroactive." United States v. Tejeda, 2024 WL 1676329, at *1 (S.D.N.Y. Apr. 18, 2024) (Chin, J.) (citing United States v. Martin, 974 F.3d 124, 136, 139 (2d Cir. 2020)). To do so, the court must first "'determine the amended guideline range that would have been applicable to the defendant' if [the amendment] 'had been in effect at the time the defendant was sentenced.'" United States v. Zapatero, 961 F.3d 123, 127 (2d Cir. 2020) (quoting U.S.S.G. § 1B1.10(b)(1), (d)). If the defendant is eligible for a sentence reduction, "'a court may reduce the term of imprisonment after considering the factors set forth in section 3553(a) and if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission,' which are contained in U.S.S.G. § 1B1.10." Tejeda, 2024 WL 458643, at *1 (quoting Martin, 974 F.3d at 136). Section 1B1.10(a)(2) provides, however, that a sentence reduction "is not authorized under 18 U.S.C. § 3582(c)(2) if ... [n]one of the amendments listed in subsection (d) [including Amendment 821] is applicable to the defendant." U.S.S.G. § 1B1.10(a)(2)(A).

Amendment 821 to the Sentencing Guidelines went into effect on November 1, 2023, and applies retroactively. See U.S.S.G. § 1B1.10(d). Part A of Amendment 821 to the Guidelines "eliminates the status points entirely for a defendant who commits the crime of conviction while on federal supervised release if the defendant otherwise has a criminal history score of below 7 points and reduces the status points to one if the defendant has a criminal history score of 7 points or more." United States v. Williams, 2024 WL 174309, at *1 (S.D.N.Y. Apr. 23, 2024). Specifically, the Amendment replaces subsection (d) of Section 4A1.1, which had provided for the addition of two criminal history points for defendants who commit the offense while under a criminal justice sentence, including, inter alia, probation or supervised release, and replaces it with a subsection that instructions that one point is to be added "if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any

5

criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S. Sent'g Comm'n, Amendments to the Sentencing Guidelines, 88 Fed. Reg. 28,254, 28,270 (effective Nov. 1, 2023); see also United States v. Ross, 2024 WL 149130, at *2 (S.D.N.Y. Jan. 12, 2024). The Sentencing Commission explained as the Reason for Amendment:

> Under the previous "status points" provision, two criminal history points were added under § 4A1.1 if the defendant committed the instant offense "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." The amendment limits the overall criminal history impact of "status point" in two ways. First, as revised, the "status points" provision under redesignated subsection (e) applies only to offenders with more serious criminal histories under the guidelines by requiring that an offender have seven or more criminal history points under subsections (a) through (d) in addition to having been under a criminal justice sentence at the time of the instant offense.... Second the amendment also reduces from two points to one point the "status points" assessed for offenders to whom the revised provision applies.

See U.S.S.G. § 4A1.1; see also Williams, 2024 WL 174309, at *1.

Part B of the Amendment provides a decrease of two offense levels for "Zero-Point Offenders" (offenders who have no criminal history points) and whose offense did not involve specific aggravating factors.[3] Id. § 4C1.1.

At sentencing in this case, I accepted the Probation Department's determination that Mr. Prussick had a total number of 20 criminal history points—a base level of 18 criminal history points, plus 2 status points added for committing a portion of the instant offense while under a

---

[3] Under § 4C1.1, a defendant with zero criminal history points is eligible for a two-level reduction to his offense level if: (i) he did not receive an adjustment under § 3A1.4 (Terrorism); (ii) he did not use violence or credible threats of violence in connection with the offense; (iii) the offense did not result in death or serious bodily injury; (iv) the offense is not a sex offense; (v) he did not personally cause substantial financial hardship; (vi) he did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon; (vii) the offense is not covered by § 2H1.1 (Offenses Involving Individual Rights; (viii) he did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and (ix) he did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848. See U.S.S.G. § 4C1.1(a)(2)–(10).

criminal justice sentence. (See Sentencing Tr. at 62–63; see also PSR at ¶¶ 53–55.) This established a Criminal History Category of VI and a Guidelines range of life imprisonment. (See Ex. 1 at 2, ECF No. 163-1.) After hearing arguments from both sides, I sentenced Mr. Prussick to a below-Guidelines sentence of 210 months' imprisonment. (See Sentencing Tr. at 105–106; see also ECF Nos. 175, 181.)

Turning to the instant motion, because Mr. Prussick had more than zero criminal history points, Part B of the 821 Amendment does not apply. Under Part A of the 821 Amendment, however, Mr. Prussick is entitled to an elimination of one of his status points because he has 7 or more criminal history points. As a result, Mr. Prussick's total number of criminal history points becomes 19. But, under Chapter Five, Part A, a criminal history score of 19 still results in Mr. Prussick having a Criminal History Category of VI. See U.S.S.G. Ch. 5, Pt. A. His Guidelines range thus is unchanged and remains life. (See id.) In short, Mr. Prussick was not sentenced to a term of imprisonment "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Moreover, Mr. Prussick's sentence of 210 months' imprisonment fell below that amended range. See United States v. Torres, 2024 WL 621554, at *2 (S.D.N.Y. Feb. 14, 2024) (Chin, J.). Mr. Prussick is therefore ineligible for a sentence reduction. See U.S.S.G. § 1B1.10(a)(2)(B); United States v. Garcia, 2024 WL 532447, at *2 (S.D.N.Y. Feb. 9, 2024) (finding that "[d]efendant [ ] is not eligible for a sentence reduction" where "ten criminal history points still would have placed [d]efendant in Criminal History Category V [and] [t]herefore, [defendant's] Guidelines range would have remained [the same]"); see also id. ("Defendant's sentence.... fell below the low end of this range. Defendant therefore is not eligible for a sentence reduction."). Because Mr. Prussick is ineligible for a sentence reduction,

7

this Court need not analyze the factors set forth in 18 U.S.C. § 3553(a).[4]  See id. at *2; see also Ross, 2024 WL 149130, at *2 (declining to analyze Section 3353(a) factors where criminal history calculation alone established that defendant was ineligible for a sentence reduction).

To the extent Mr. Prussick moves for appointment of counsel, that request is denied. "Because Defendant is ineligible for a sentencing reduction, there is no reason to appoint counsel." Ross, 2024 WL 149130, at *2 (citing cases); see also Williams, 2024 WL 174309, at *2.

### III.  CONCLUSION

For the above reasons, pursuant to Fed. R. Crim. P. 37(a), the Court DENIES Mr. Prussick's motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10.  The Clerk of Court is respectfully directed to close ECF No. 185.  The Court further certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).  The Clerk of Court is also respectfully directed to mail a copy of this Order to Mr. Prussick at his address of record.

**SO ORDERED.**

Dated:  May 15, 2024
       Central Islip, New York

                                                  /s/ JMA
                                        JOAN M. AZRACK
                                        UNITED STATES DISTRICT JUDGE

---

[4] But even if the Court re-reviewed the record of this case and carefully "considered anew all of the § 3553(a) factors that it originally considered at sentencing," United States v. Vela, 2024 WL 1621109, at *1 (S.D.N.Y. Apr. 15, 2024), the 210-month sentence that the Court imposed on Mr. Prussick would "continue[ ] to be the least restrictive sentence necessary to satisfy the statutory purposes of sentencing." Id.; see also 18 U.S.C. § 3553(a).